# THE CONSUMERS' BREWING COMPANY

*v.*

# TOBIN.

PLEADING AND PRACTICE; AFFIDAVITS OF DEFENSE.

Where an affidavit of defense, in an action on a promissory note and an open account, denies defendant's liability on the note upon grounds stated in the affidavit, and claims credit upon the open account for a certain sum, and the plaintiff's attorney in his argument in this court on an appeal (specially allowed) from an order overruling the plaintiff's motion for judgment, admits the credit claimed by the defendant, but the record does not show such an admission, the judgment of the lower court will be affirmed, without regard to the sufficiency of the defense as to the note, as the case stands upon the sufficiency of each defense set out in the defendant's affidavit.

No. 1122. Submitted October 4, 1901. Decided November 6, 1901.

HEARING on an appeal (specially allowed) by the plaintiff from an order of the Supreme Court of the District of Columbia, overruling a motion for judgment under the seventy-third rule of that court, for want of a sufficient affidavit of defense, in an action of *assumpsit.* *Affirmed.*

The COURT in its opinion stated the case as follows:

This is an appeal by the Consumers' Brewing Company, plaintiff below, from an order denying a motion for judgment under Rule 73 of the Supreme Court of the District of Columbia.

Plaintiff sued the appellee, Edwin Tobin, upon a promissory note executed June 19, 1900, for $1,021.44, admitting a credit thereon of $329.51, and also for the sum of $35.05 for merchandise sold and delivered; the aggregate amount-

ing to $774.02. An affidavit, in substantial compliance with the requirements of Rule 73, was filed with the declaration.

Defendant's plea to the counts of the declaration was the general issue.

To prevent judgment under the rule, defendant filed an affidavit admitting the execution and delivery of the note, but denying liability thereòn. He admits the account for goods sold, but claims a credit thereon of $15.75, stating the items thereof with particularity, and their former allowance by the plaintiff as just and correct.

The ground of defense to the note is thus stated: " The same was procured by the fraudulent misrepresentations and imposition of one Edward L. Jordan, at and before the time of the execution thereof, the said Jordan being at said time the president of the plaintiff company; that shortly before the execution of said note the said Jordan informed affiant that the chattels, fixtures, and other personal property then in a certain hotel, known as the " Exchange and Ballard Hotel," were for sale, and advised and urged affiant to purchase the same and engage in business in said place; that this affiant was totally unacquainted with the value of the said stand as a business place, and was also unacquainted with the city of Alexandria, Virginia, where said hotel is located, but relied upon the aforesaid representations of the said Jordan, who informed affiant that said place was a good business stand; that the said Consumers' Brewing Company had shortly before said time bought in at auction the said goods and chattels for the sum of six hundred ($600) dollars at a sale by one James Caton, as trustee under a chattel mortgage or deed of trust securing the said plaintiff company; that, acting upon the aforesaid advice and representations of the said Jordan, affiant agreed to purchase said chattels and fixtures and personal property, and took a bill of sale therefor, executing a note payable to Abe King, the secretary and treasurer of the plaintiff company and a nominal party to the transaction, who afterwards indorsed the same over to the plaintiff company; that affiant entered into the possession of the said hotel and com-

menced the conduct of said business; that said business was unprofitable from the start, and affiant abandoned the active management thereof and sold the stock in trade therein to one Edwin Dean, who agreed to pay affiant the sum of five and $\frac{11}{100}$ ($5.11) dollars monthly as rent for said goods and chattels, said sum being the amount of interest due monthly on said promissory note; that, as aforesaid, affiant admits the nonpayment of said note, and affiant further admits that demand for payment was made at the bank where same was made payable; that sale of the chattels for which said note was executed and on which said note was secured, as set out in the affidavit of the plaintiff, was made, and the sum of three hundred and fifty ($350) dollars was received for said chattels, but the trustees under said chattel trust, who were the then president and the then attorney of the said plaintiff company, never rendered this affiant any account; that affiant expended large sums of money in attempting to conduct said business and lost a considerable sum by reason of the venture; that but for the aforesaid representations and suggestions of the said Jordan affiant would not have purchased said goods, chattels, and personal property, and affiant here charges that said chattels were not worth the sum of ten hundred and twenty-one and $\frac{44}{100}$ ($1,021.44) dollars, the amount of said note, nor was the said business a profitable one, and the said Jordan well knew the same, but, notwithstanding, fraudulently persuaded this affiant to execute the said note; that this affiant is informed and believes, and so charges, that the object of the said Jordan in inducing him to purchase said place was to secure the payment of a debt due said company by the former owner of said chattels and occupant of said hotel; that the said company is not an innocent holder of said note, but, as aforesaid, the said payee, King, is an officer of said company and a nominal party to said transaction, and the said Jordan was at the time of the execution of the said note the president of said company."

The plaintiff moved for judgment notwithstanding the affidavit, on the ground of its insufficiency, and from the order refusing the same, has perfected his appeal under leave obtained therefor.

*Mr. Lorenzo A. Bailey* for the appellant.

*Mr. Ellis Hughes* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

On the argument, counsel for the appellant concedes the sufficiency of the affidavit in respect of the credit claimed, and makes the statement that he had admitted the same in the hearing below. The record, however, was not made to show the admission and the case stands upon the sufficiency of each defense set out in the affidavit.

As the several items composing the credit have been set out in the affidavit with unquestioned certainty of statement, the order refusing the motion for judgment must necessarily be affirmed, without regard to the question of the sufficiency of the allegations in respect of the grounds of defense to the note.

The case is one at law, and the particular procedure is under an authorized rule of court designed to prevent delay by cutting off the regular jury trial to which the party is entitled at common law, unless he shall make, " along with his plea, if in bar, an affidavit of defense denying the right of the plaintiff as to the whole or some specified part of his claim, and specifically stating also, in precise and distinct terms, the grounds of his defense, which must be such as would, if true, be sufficient to defeat the plaintiff's claim in whole or in part."

For these reasons we are not at liberty to permit an amendment, or an admission of record accomplishing the same purpose, in order that the question arising on the remainder of the affidavit may be separately and singly considered and determined.

The order denying the motion for judgment will, therefore, be affirmed, for the reason given, without intimating an opinion in respect of the sufficiency of the affidavit in so far as it relates to the ground of defense to the note.

The order is affirmed, with costs.

*Affirmed.*